## CHESAPEAKE & O. RY. CO. v. RICH.
### No. 6846.

Circuit Court of Appeals, Sixth Circuit.
Feb. 5, 1936.

W. T. Kinder, of Cleveland, Ohio (Wilson & Rector, of Columbus, Ohio, and Tolles, Hogsett & Ginn and James P. Wood, all of Cleveland, Ohio, on the brief), for appellant.

V. J. Lamb, of Youngstown, Ohio (Anderson & Lamb and D. F. Anderson, all of Youngstown, Ohio, on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Action for personal injuries brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59, based upon negligence and failure to comply with a rule promulgated under the authority of the Boiler Inspection Act. The case was tried to a jury which returned a verdict for appellee. No requests to charge were made, and no exception was taken to the charge. Appellant railroad moved at the conclusion of plaintiff's evidence for directed verdict, which was denied.

Two principal questions are presented: (1) The meaning of Rule 131 of the Interstate Commerce Commission[1] which was pleaded in the petition and held applicable in the charge of the District Court, and (2) whether the court had jurisdiction.

The first question arises from the fact that appellee, an employee of appellant railroad, was struck by a backing engine in the nighttime, while in the performance of his duties. He claimed that the engine, in violation of Rule 131, had no light upon its rear end, and substantial evidence was given by two witnesses in support of this contention. It is not controverted that a lamp was provided on the rear end of the engine and that at the time of the accident it was in good condition. Appellant therefore urges that the action was brought under the Boiler Inspection Act 1911, § 2, as amended by Act June 7, 1924, § 2, 45 U.S.C. § 23, 45 U.S.C.A. § 23; that the appellant had complied with the act and the requirements of Rule 131 in equipping its locomotive with lamps in good condition, and the fact that the light in the rear was not burning does not constitute a violation of the act, and a verdict should have been directed as requested.

Assuming from the entire record that the alleged error was sufficiently preserved for review, we do not agree that appellant's contention called for a directed verdict. Rule 131 was promulgated under the Boiler Inspection Act. United States v. Baltimore & Ohio Rd. Co., 293 U.S. 454, 460, 55 S.Ct. 268, 79 L.Ed. 587. While the requirements of that Act were complied with if the engine in yard service was equipped with lamps on the front and rear, in good condition, yet the failure of appellant's servants to keep the lamp burning as the engine proceeded constituted negligence rendering the carrier liable under the Federal Employers' Liability Act. The court submitted the case to the jury under the latter statute, and charged in substance that if the light was not burning and if this fact was the proximate cause of the injury, evidence of actionable negligence existed.

---

[1] Rule 131. Each locomotive used in yard service between sunset and sunrise shall have two lights, one located on the front of the locomotive and one on the rear, each of which shall enable a person in the cab of the locomotive under the conditions, including visual capacity, set forth in rule 129, to see a dark object such as there described for a distance of at least 300 feet ahead and in front of such headlight; and such headlights must be maintained in good condition.

The failure of the court to charge that the case arose under the Boiler Inspection Act and to apply the provisions of that statute in certain respects was not prejudicial to the appellant, for the duty resting upon the carrier under the Federal Safety Appliance Acts (45 U.S.C.A. § 1 et seq.) is absolute (Baltimore & Ohio Rd. Co. v. Groeger, Adm'x, 266 U.S. 521, 528, 45 S.Ct. 169, 69 L.Ed. 419), while the Federal Employers' Liability Act (section 1) creates liability for injury or death suffered by any person employed by a railroad in interstate commerce, only where due to its negligence.[2] Since appellant did not except to the charge, it cannot now complain.

■ On the second question, we think the record presents substantial evidence that the parties were engaged in interstate commerce at the time of the injury. Appellee was a yard switchman of the appellant railroad, and had reported for work at the Parsons Avenue Yard in Columbus, Ohio. At about eight-thirty p. m., with his crew he took a cut of cars which had come into Columbus from Russell, Kentucky, from the Parsons Avenue Yard to the Mound Street Yard, about two miles north. All but two of the cars were placed upon track No. 20, where cars were commonly switched which were intended for delivery to the New York Central Railroad. Because track No. 20 was full, these two cars were placed upon track No. 22. Acting under instructions of his conductor, appellee was opening the switches to arrange for taking the two cars from track No. 22 to track No. 20, when he was struck by a backing engine used in yard service. The testimony of the assistant to the superintendent of the Hocking Division of the Chesapeake & Ohio Railway Company, of appellee, and the train sheets and shipping records of the Hocking Division, support this conclusion.

The judgment of the District Court is affirmed.

---

[2] Title 45, § 51, U.S.C.(45 U.S.C.A. § 51):

Every common carrier by railroad while engaging in commerce between any of the several States or Territories, * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.